IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTOPHER SWALLOW, <br><br> Plaintiff, <br> v. <br><br> SOUTH JORDAN CITY, EDWARD MONTGOMERY, OFFICER C. WINDER, OFFICER M. BROWN, OFFICER WATROUS and JOHN DOES (1–10), <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [24] DEFENDANTS' MOTION TO DISMISS** <br><br> Case No. 2:14-cv-00881-DN <br><br> District Judge David Nuffer |

Plaintiff Christopher Swallow asserts that his constitutional rights were violated by local law enforcement and the prosecutor in South Jordan City, Utah. He alleges they unjustly and unlawfully sided with his ex-wife in incidents between the divorced couple arising out of their custody arrangement.[1]

Defendants South Jordan City, South Jordan City Office of the City Attorney, South Jordan City Police Department, Edward Montgomery, Officer C. Winder, Officer M. Brown, and Officer Watrous (the "Defendants") have denied Mr. Swallow's claims and filed a Motion to Dismiss[2] on two general grounds: (1) insufficient service of process[3] and (2) failure to state a claim.[4] The Defendants also sought sanctions against Mr. Swallow's counsel under 28 U.S.C.

---

[1] Complaint, docket no. 2, filed Dec. 2, 2014.

[2] Defendants' Motion to Dismiss and Memorandum in Support ("Motion to Dismiss"), docket no. 24, filed Sept. 8, 2015.

[3] *Id.* at 1 (citing Fed. R. Civ. P. 12(b)(5)).

[4] *Id.* at 4 (citing Fed. R. Civ. P. 12(b)(6)).

§ 1927 for unreasonably and vexatiously multiplying litigation against the Defendants,[5] to which Mr. Swallow responded by seeking sanctions against the Defendants' counsel for attempting to intimidate potential plaintiffs from pursuing civil rights claims.[6]

Mr. Swallow did not serve the Complaint within 120 days, the time limit then imposed by Rule 4(m) of the Federal Rules of Civil Procedure pre-amendment.[7] Filing an identical complaint captioned as an amended complaint after the deadline—without the Defendants' consent or leave of court—did not cure the deficiency in service of process.[8]

The Complaint also failed to state a claim in a number of respects:

- Because Mr. Swallow was convicted on 11 of the charges against him that arose out of the incidents asserted in the Complaint, those convictions cannot form the basis of a § 1983 civil rights claim unless they have been invalidated, which they have not;

- Defendant Edward Montgomery ("Prosecutor Montgomery") is protected by prosecutorial immunity;

- Defendants Officer C. Winder, Officer M. Brown, and Officer Watrous (the "Police Defendants") are protected by qualified immunity;

- the police department and city attorney's office should not have been named separately from defendant South Jordan City (the "City"), and the Complaint does not plead a basis for municipal liability against the City;

---

[5] Motion to Dismiss at 15–17, docket no. 24.

[6] Memorandum in Support of Plaintiff's Opposition to Defendants Motion to Dismiss ("Opposition") at 18–19, docket no. 36, filed Oct. 21, 2015.

[7] Effective after December 1, 2015, the time limit under the Federal Rules of Civil Procedure for service of a complaint after filing was shortened to 90 days. Fed. R. Civ. P. 4(m).

[8] Amended Complaint, docket no. 7, filed July 10, 2015.

- the Complaint likewise fails to state a claim under the nine causes of action asserted under Utah common law, which are redundant of the federal civil rights claims and barred by the Governmental Immunity Act of Utah (the "GIA").[9]

For these reasons, the Motion to Dismiss is GRANTED, and the action is dismissed with prejudice. No sanctions are imposed on either counsel under § 1927 because the standard for intentional or reckless disregard of the judicial process has not been satisfied.

**Table of Contents**

Factual Background ........................................................................................................... 3
Procedural Background..................................................................................................... 6
Discussion .......................................................................................................................... 7
    The Complaint Is Dismissed for Insufficient Service of Process. ...................... 7
    The Complaint Is Dismissed for Failure to State a Claim. .................................. 9
        *Mr. Swallow's Convictions Do Not Support a § 1983 Claim.* ............... 10
        *Prosecutor Montgomery Is Protected by Absolute Immunity.* ............... 11
        *The Police Defendants Are Protected by Qualified Immunity.* ............. 12
        *The Complaint Does Not Plead a Basis for Municipal Liability against the City.* 14
        *The State Law Claims Are Dismissed under the GIA.* ........................... 15
        *The Complaint Is Dismissed with Prejudice under Rule 12(b)(6).* ........ 16
    No Sanctions Are Imposed Under § 1927. ....................................................... 17
Order ............................................................................................................................... 19

**FACTUAL BACKGROUND**[10]

Mr. Swallow's divorce from his ex-wife was finalized on March 14, 2005.[11] The divorce resulted in a custody agreement concerning the divorced couple's three children.[12] Starting in

---

[9] Utah Code Ann. §§ 63G-7-101 *et seq*.

[10] For purposes of this Motion to Dismiss, the facts are drawn from the allegations in the Complaint, which are accepted as true and construed in Mr. Swallow's favor. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[11] Complaint ¶ 15, docket no. 2.

[12] *Id.* ¶ 16.

2010, law enforcement became involved in a number of incidents arising out of Mr. Swallow's contact with his ex-wife and children.

On October 27, 2010, Mr. Swallow went to his ex-wife's house to speak with his oldest son.[13] The Defendants charged Mr. Swallow with one count of criminal trespass for entering his ex-wife's house on that occasion.[14] At trial on October 28, 2011, Mr. Swallow was found not guilty by a jury and was acquitted of the trespass charge.[15]

A year after the alleged trespass incident, and a few days after the trespass trial, the couple's children stayed overnight at Mr. Swallow's residence two times, once on November 1, 2011 and once on November 6, 2011.[16] On November 28, 2011, the Defendants charged Mr. Swallow with two counts of custodial interference for these overnight stays.[17] Mr. Swallow was tried on these two counts of custodial interference and acquitted on February 20, 2013.[18]

In the seven months following the overnight stays, Mr. Swallow was charged with 11 more counts of custodial interference arising out of multiple incidents.[19] Some of the charges were for being late when dropping off the children with his ex-wife.[20] Some of the charges arose from an incident on February 10, 2012, when Mr. Swallow picked up the children from school while his ex-wife was at work.[21] Mr. Swallow alleges that the couple previously had arranged for

---

[13] *Id.* ¶ 20.
[14] *Id.*
[15] *Id.* ¶ 21.
[16] *Id.* ¶ 23.
[17] *Id.*
[18] *Id.* ¶¶ 28–29.
[19] *Id.* ¶ 24.
[20] *Id.* ¶ 27.
[21] *Id.* ¶ 36.

him to do so,[22] but that his ex-wife called the police anyway, who arrested Mr. Swallow.[23] Mr. Swallow went to trial in a consolidated case on the 11 charges of custodial interference.[24] On June 19, 2013, a jury convicted Mr. Swallow on all 11 counts.[25]

Mr. Swallow had additional interactions with law enforcement for the City, which did not result in arrests or charges. On February 28, 2012, his ex-wife called the police after Mr. Swallow was late dropping the children off at her house.[26] The police came to Mr. Swallow's residence, but Mr. Swallow did not answer.[27] Mr. Swallow alleges that two unmarked police vehicles followed him the next day when he left his house and did reckless maneuvers to keep up with his car before he retreated to a friend's house.[28] When his ex-wife was late dropping off the children with Mr. Swallow on June 26, 2012, the Defendants declined to investigate or pursue charges.[29] The responding officer compared Mr. Swallow to "the little boy crying wolf."[30]

Mr. Swallow alleges that he was entitled to spend the 2013 Thanksgiving holiday with his children.[31] On November 22, 2013, when Mr. Swallow arrived at his ex-wife's house to pick up the children,[32] his ex-wife responded by turning him away at the door and locking him out.[33]

---

[22] *Id.* ¶ 35.
[23] *Id.* ¶ 38.
[24] *Id.* ¶ 31.
[25] *Id.* ¶ 32.
[26] *Id.* ¶ 50.
[27] *Id.* ¶ 54.
[28] *Id.* ¶¶ 55–60.
[29] *Id.* ¶¶ 64–67, 70.
[30] *Id.* ¶ 69.
[31] *Id.* ¶¶ 73–75.
[32] *Id.* ¶ 76.
[33] *Id.* ¶¶ 78–82.

Mr. Swallow filed two police reports regarding the Thanksgiving 2013 incident.[34] The responding officer, Defendant Watrous, told Mr. Swallow that there was nothing the police could do to enforce the divorce decree and that Mr. Swallow's only recourse was through the divorce court.[35] This action followed.

**PROCEDURAL BACKGROUND**

Mr. Swallow submitted a notice of claim to the City on December 30, 2013 (the "Notice of Claim").[36] The City did not respond to the Notice of Claim and deemed the claim denied after 60 days.[37]

On December 2, 2014, Mr. Swallow filed his initial complaint (the "Complaint").[38] More than 120 days passed with no proof of service of the Complaint or summonses filed with the court. On April 15, 2015, the court issued an Order to Show Cause by docket text order requiring Mr. Swallow to respond and advise the court of the case status.[39] On April 29, 2015, Mr. Swallow, through counsel, filed a response to the Order to Show cause, representing that "ongoing settlement negotiations . . . have reached a stalemate."[40] The Defendants deny that any settlement negotiations occurred during this time.[41]

Mr. Swallow filed an Amended Complaint on July 10, 2015 (the "Amended Complaint"),[42] more than seven months after the Complaint. Mr. Swallow did not move for

---

[34] *Id.* ¶ 83.

[35] *Id.* ¶¶ 84–89.

[36] *Id.* ¶ 92.

[37] Opposition ¶ 26 at viii, docket no. 36.

[38] Complaint, docket no. 2.

[39] Docket no. 5, entered Apr. 15, 2015.

[40] Plaintiff's Response to This Court's Order to Show Cause, docket no. 6, filed Apr. 29, 2015.

[41] Motion to Dismiss ¶ 31 at ix, docket no. 24.

[42] Amended Complaint, docket no. 7, filed July 10, 2015.

leave of court before filing the Amended Complaint. The Defendants did not consent to Mr. Swallow filing the Amended Complaint.[43] The Amended Complaint, although captioned as "Amended" and given a new filing date, was otherwise identical to the Complaint.[44]

## DISCUSSION

The Defendants have moved to dismiss Mr. Swallow's claims under both Rule 12(b)(5) for insufficient service of process[45] and Rule 12(b)(6) for failure to state a claim.[46] The Motion to Dismiss[47] is granted on both grounds.

### The Complaint Is Dismissed for Insufficient Service of Process.

A complaint may be dismissed for insufficient service of process under Rule 12(b)(5).[48] Here, Mr. Swallow filed two pleadings—the initial Complaint on December 2, 2014,[49] and the Amended Complaint on July 10, 2015.[50] Service of these pleadings was insufficient because the time for service of the Complaint lapsed, and the Amended Complaint was not authorized.

Rule 4(m) of the Federal Rules of Civil Procedure imposes a time limit for service of summonses.[51] At the time of filing both the Complaint and Amended Complaint, the time limit for service was 120 days.[52] More than 120 days passed after the Complaint was filed with no proof of service filed with the court. Under Rule 4(m), if a plaintiff fails to serve the summons

---

[43] Motion to Dismiss at 3, docket no. 24.

[44] Amended Complaint, docket no. 7. *See also* Motion to Dismiss ¶ 35 at 1, docket no. 24; Opposition at 8, docket no. 36.

[45] Fed. R. Civ. P. 12(b)(5).

[46] Fed. R. Civ. P. 12(b)(6).

[47] Motion to Dismiss, docket no. 24.

[48] Fed. R. Civ. P. 12(b)(5).

[49] Complaint, docket no. 2.

[50] Amended Complaint, docket no. 7.

[51] Fed. R. Civ. P. 4(m).

[52] *Id.* (Effective after December 1, 2015, the time limit for service was shortened to 90 days.)

and complaint within the allotted time, the court must: (1) dismiss without prejudice; (2) order that service be made within a specified time; or (3) extend the time for service if the plaintiff shows good cause for the failure.[53] To obtain a basis for its decision, the court issued an Order to Show Cause requiring Mr. Swallow to respond with a case status report.[54] Mr. Swallow, through counsel, responded to the Order to Show cause, representing that "ongoing settlement negotiations . . . have reached a stalemate."[55] The Defendants deny that any settlement negotiations in fact had taken place in the case by that time, which Mr. Swallow does not dispute.[56]

Accordingly, Mr. Swallow did not show good cause for the failure to serve the Complaint within the time limit set by Rule 4(m).[57] Nor did the court order that service be made within a specified time different from that established by the Rule.[58] Mr. Swallow never did serve the Complaint, only the subsequent Amended Complaint.[59] Therefore, the Complaint must be dismissed.[60]

Mr. Swallow did not cure the deficiency in service by filing and serving an identical Amended Complaint more than seven months after the initial Complaint.[61] Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course

---

[53] *Id.*

[54] Docket no. 5, entered Apr. 15, 2015.

[55] Plaintiff's Response to This Court's Order to Show Cause, docked no. 6.

[56] Motion to Dismiss ¶ 31 at ix, docket no. 24; Opposition at 22–23, docket no. 36.

[57] Fed. R. Civ. P. 4(m).

[58] Docket no. 5, entered Apr. 15, 2015.

[59] *See* Summonses *Returned Executed*, docket nos. 15–21, filed July 22, 2015.

[60] *Id.*

[61] Amended Complaint, docket no. 7. *See also* Motion to Dismiss ¶ 35 at 1, docket no. 24; Opposition at 8, docket no. 36.

8

within either 21 days of serving it or 21 days after service of a responsive pleading.[62] Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[63] Here, the initial Complaint was not served timely, which prevents Mr. Swallow from amending the Complaint as a matter of course. The Defendants did not consent to Mr. Swallow filing the Amended Complaint.[64] Nor did Mr. Swallow move for leave of court before filing the Amended Complaint. The Amended Complaint does not satisfy any of the preconditions for amending the Complaint.[65]

Therefore, the Complaint is dismissed without prejudice[66] for insufficient service of process, and the Amended Complaint is of no effect for failure to comply with Rule 15.[67]

**The Complaint Is Dismissed for Failure to State a Claim.**

A complaint may be dismissed for failure to state a claim under Rule 12(b)(6).[68] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[69] As the Supreme Court explained in *Ashcroft v. Iqbal*, "only a complaint that states a plausible claim for relief survives a motion to dismiss."[70] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[62] Fed. R. Civ. P. 15(a)(1).

[63] *Id.* at 15(a)(2).

[64] Motion to Dismiss at 3, docket no. 24.

[65] The Defendants make an additional timeliness argument under the GIA, which is rendered moot by the other bases for dismissal addressed in this Memorandum Decision and Order. Motion to Dismiss at 13–14, docket no. 24.

[66] Fed. R. Civ. P. 4(m).

[67] Fed. R. Civ. P. 15(a).

[68] Fed. R. Civ. P. 12(b)(6).

[69] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[70] 556 U.S. 662, 679 (2009).

9

misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief."[71] Also, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[72] Setting aside the legal conclusions in the Complaint, Mr. Swallow's well-pleaded facts do not state a plausible claim for relief for the reasons that follow.

### *Mr. Swallow's Convictions Do Not Support a § 1983 Claim.*

Mr. Swallow claims he has been subject to an unconstitutional, "vindictive assault" on his rights in his contact with the Defendants.[73] This contact with the Defendants included allegations of instances where the police declined to make an investigation or arrest,[74] incidents for which Mr. Swallow was charged but acquitted,[75] and charges on which Mr. Swallow was convicted.[76] The Supreme Court held in *Heck v. Humphrey* that a person has no cause of action under § 1983 based on the unlawfulness of a conviction unless the conviction is reversed, expunged, impugned by the grant of a writ of habeas corpus, or otherwise invalidated.[77] Mr. Swallow does not dispute that the *Heck* rule applies to his convictions.[78] Therefore, the 11 criminal convictions against Mr. Swallow and the incidents resulting in those convictions are not a basis for pursing relief under § 1983. Mr. Swallow's § 1983 civil rights claim is limited to those charges on which he was acquitted and incidents that did not result in charges.

---

[71] *Id.* (internal quotation marks and citations omitted).

[72] *Id.* at 678.

[73] Complaint ¶ 19, docket no. 2.

[74] *Id.* ¶¶ 50–60, 64–70, 72–90.

[75] *Id.* ¶¶ 20–21, 23, 28–29.

[76] *Id.* ¶¶ 24–27, 30–32, 35–45.

[77] 512 U.S. 477, 486–89 (1983).

[78] Opposition at 10, docket no. 36.

### *Prosecutor Montgomery Is Protected by Absolute Immunity.*

Mr. Swallow claims that his rights were violated in part by Prosecutor Montgomery, the prosecutor for the City.[79] "Prosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court."[80] While absolute immunity applies to this "judicial phase of the criminal process," when a prosecutor acts in an investigative or administrative role, his actions are protected by only qualified immunity.[81] The extent of the immunity depends on the function performed, not the identity of the actor.[82] The Tenth Circuit explained in *Pfeiffer v. Hartford Fire Ins. Co.* that absolute immunity applies to a prosecutor's activity which is "intimately associated with the judicial process."[83] Preparing a case for trial and plea bargaining qualify for absolute immunity, while interactions with the press, for example, do not.[84]

In this case, Prosecutor Montgomery has immunity for the allegations against him. Mr. Swallow asserts that Prosecutor Montgomery instigated a "vindictive assault" on Mr. Swallow's rights[85] and persecuted him,[86] which are characterizations and conclusions of law that need not be assumed on a motion to dismiss.[87] Mr. Swallow alleges that Prosecutor Montgomery insisted

---

[79] Complaint ¶ 5, docket no. 2.

[80] *Nielander v. Bd. of Cty. Comm'rs of Cty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).

[81] *Allison v. Utah Cty. Corp.*, 335 F. Supp. 2d 1310, 1315 (D. Utah 2004) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *DiCesare v. Stuart*, 12 F.3d 973, 977 (10th Cir.1993)).

[82] *Id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)).

[83] 929 F.2d 1484, 1489 (10th Cir. 1991).

[84] *Id.* at 1490–93.

[85] Complaint ¶¶ 19–22, docket no. 2.

[86] *Id.* ¶ 30, docket no. 2.

[87] *Iqbal*, 556 U.S. at 678.

11

on proceeding to trial on the charges against Mr. Swallow,[88] refused to prosecute Mr. Swallow's ex-wife,[89] and directed the Police Defendants to arrest Mr. Swallow.[90] This activity is "intimately associated with the judicial process."[91] Even if Prosecutor Montgomery acted outside of his role as prosecutor in allegedly directing the Police Defendants to arrest Mr. Swallow, that activity is protected by qualified immunity, as discussed below. Therefore, the claims against Prosecutor Montgomery are barred by prosecutorial immunity and dismissed.

### *The Police Defendants Are Protected by Qualified Immunity.*

Qualified immunity protects government officials performing discretionary functions from individual liability in federal claims unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."[92] The dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[93] If the unconstitutionality of an alleged fact cannot be resolved as a matter of law, the law is not clearly established, and qualified immunity is appropriate.[94] Here, qualified immunity applies to the Police Defendants because Mr. Swallow has not pleaded a constitutional violation of a clearly established right.

Mr. Swallow's allegations against the Police Defendants concern discretionary functions: arresting Mr. Swallow for trespass when he was at his ex-wife's house without her consent;[95]

---

[88] Complaint ¶ 30, docket no. 2.

[89] *Id.* ¶ 101.

[90] *Id.* ¶¶ 38, 48, 101.

[91] *Pfieffer*, 929 F.2d at 1489.

[92] *Nielander*, 582 F.3d at 1166 (quoting *Shero v. City of Grove,* 510 F.3d 1196, 1204 (10th Cir. 2007)).

[93] *Id.* (quoting *Saucier v. Katz,* 533 U.S. 194, 202 (2001)).

[94] *Id.* (citing *Hunter v. Bryant,* 502 U.S. 224 (1991)).

[95] Complaint ¶¶ 20–21, docket no. 2.

arresting Mr. Swallow for taking the children home with him on his ex-wife's report that doing so violated their custody arrangement;[96] declining to pursue charges against his ex-wife for locking him out at Thanksgiving;[97] discussing Mr. Swallow's police reports from the Thanksgiving 2013 incident with him and responding that the divorce court offered the only recourse;[98] and declining to pursue charges against his ex-wife when she was 15 minutes late dropping off the children with him.[99]

In these situations, it would not be clear to a reasonable officer or prosecutor that his or her conduct was unlawful.[100] A reasonable police officer could have concluded that probable cause existed to arrest Mr. Swallow on the trespass and based on his ex-wife's reports. A reasonable prosecutor could have believed that he was justified in instructing the police to arrest Mr. Swallow for these same reasons. A reasonable police officer could have believed that Mr. Swallow's actions were distinguishable from his ex-wife's actions in declining to pursue charges against her. In other words, even accepting Mr. Swallow's allegations as true for purposes of his Motion to Dismiss, the allegations do not show a clear violation of constitutional rights as a matter of law.[101] The Police Defendants and Prosecutor Montgomery have immunity for performing the discretionary functions described in the Complaint. The preclusive effect of Mr. Swallow's state court criminal cases on this case, as raised by the Defendants, is therefore moot. The federal claims against the Police Defendants must be dismissed.

---

[96] *Id.* ¶¶ 34–45.

[97] *Id.* ¶ 87.

[98] *Id.* ¶¶ 84, 89.

[99] *Id.* ¶¶ 64–68.

[100] *Nielander*, 582 F.3d at 1166 (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).

[101] *Id.* (quoting *Shero v. City of Grove,* 510 F.3d 1196, 1204 (10th Cir. 2007)).

### *The Complaint Does Not Plead a Basis for Municipal Liability against the City.*

Mr. Swallow has not pleaded a case for municipal liability against the City. In this case, the City also includes the police department and city attorney's office, which were named as separate defendants. The Defendants argue, and Mr. Swallow has not disputed, that the police department and city attorney's office are merely divisions of the City and not independently subject to suit. In *Kojima v. Lehi City*, Judge Furse held that governmental subdivisions do not qualify as separate entities amenable to suit because the Utah legislature has not included such subdivisions in the statutes that make the state, counties, municipalities, and other governmental entities within the state subject to suit.[102] The rule applies in this case.

Viewing the City and its police department and city attorney's office as a single entity, the Complaint does not state a claim for municipal liability. Municipalities will be held liable only if a constitutional violation occurred and the violation was "caused by a government policy or custom."[103] "A government policy may be manifested either in the acts of its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."[104] Similarly, "custom" has come to mean an act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law.[105]

Mr. Swallow argues that Defendants engaged in a pattern of harassment that is evidence of the existence of a "policy or custom."[106] The isolated actions of a few police officers toward one person would not constitute a policy or custom because they are neither established by those

---

[102] No. 2:13–cv–000755–EJF, 2015 WL 4276399, *4 (D. Utah July 14, 2015).

[103] *Whitewater v. Goss*, 192 F. App'x 794, 796–97 (10th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

[104] *Id.* at 797 (internal quotation marks omitted).

[105] *Marshall v. Columbia Lea Reg'l Hosp.*, 345 F.3d 1157, 1177 (10th Cir. 2003).

[106] Opposition at 17–18, docket no. 36.

whose edicts represent official policy nor widespread practice. Mr. Swallow has not pleaded facts to show that the allegedly unlawful acts of the individual defendants were consistent with or pursuant to any official policy or custom of the City. Therefore, the Complaint fails to state a claim for municipal liability against the City.

*The State Law Claims Are Dismissed under the GIA.*

Mr. Swallow's state law claims must be dismissed under the Governmental Immunity Act of Utah.[107] The GIA provides:

> A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from:
> . . . .
> (b) assault, battery, *false imprisonment*, false arrest, *malicious prosecution*, intentional trespass, *abuse of process*, libel, slander, deceit, interference with contract rights, *infliction of mental anguish*, or violation of civil rights;
> . . . .
> (e) the institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause;
> (f) a misrepresentation by an employee whether or not the misrepresentation is negligent or intentional;
> . . . .
> (j) the incarceration of a person in a state prison, county or city jail, or other place of legal confinement.[108]

Mr. Swallow's state law claims all concern allegations of actions taken within the scope of the Defendants' employment. As such, the Defendants in this case are immune from suit for each of the state law claims, which are: abuse of process, invasion of privacy, malicious prosecution, negligence, negligent supervision, negligent infliction of emotional distress, intentional infliction of emotional distress, false imprisonment, and vicarious liability.[109] Each of

---

[107] Utah Code Ann. §§ 63G-7-101 *et seq*.

[108] *Id.* at § 63G-7-201(4) (emphasis added).

[109] Complaint, docket no. 2.

15

these claims are expressly identified in the GIA or proximately result from the enumerated claims.[110] Mr. Swallow did not dispute this in his Opposition.[111] Applying the GIA, the state law claims are dismissed.[112]

*The Complaint Is Dismissed with Prejudice under Rule 12(b)(6).*

Mr. Swallow's claims are dismissed for multiple reasons. Whether the dismissal is with prejudice or without prejudice depends upon the basis for dismissal. Dismissal for insufficient service of process is without prejudice.[113] Dismissal under *Heck* for a civil rights claim based on a conviction that has not been invalidated is also without prejudice in that a plaintiff is permitted to bring the § 1983 action if he is later successful in overturning his conviction.[114] On these bases alone, Mr. Swallow's Complaint would be dismissed without prejudice and subject to refiling.

Nevertheless, dismissal with prejudice is appropriate in this case. Dismissal under 12(b)(6) is generally with prejudice where amending would be futile.[115] In *Hargrave v. Chief Asian, LLC*,[116] for example, the Tenth Circuit dismissed a trademark case with prejudice, finding: "No amendment could change the fact that [plaintiff] did not own the contested trademark."[117] Mr. Swallow has not moved to amend the Complaint to resolve deficiencies in the

---

[110] *Barneck v. Utah Dept. of Transp.*, 353 P.3d 140, 149 (Utah 2015).

[111] Opposition, docket no. 36.

[112] By dismissing the state law claims under the GIA and dismissing each of the Defendants on independent grounds, the court need not decide against exercising supplemental jurisdiction over the state law claims as the Defendants argue. Motion to Dismiss at 12–13, docket no. 24.

[113] Fed. R. Civ. P. 4(m).

[114] *Higgins v. City of Tulsa, Okla.*, 103 Fed. Appx. 648, 651 (10th Cir. 2004).

[115] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir.2006).

[116] 479 F. App'x 827 (10th Cir. 2012).

[117] *Id.* at 831 (citing *Brereton*, 434 F.3d at 1219).

pleading. More importantly, as in the *Hargrave* case,[118] no amendment could change certain dispositive aspects of this case. No amendment would change the fact that certain defendants are prosecutors and police officers with absolute or qualified immunity. No amendment would change the fact that the City had no custom or policy on which to base municipal liability. No amendment would change the application of the GIA barring Mr. Swallow's state law claims. Therefore, the Complaint[119] is dismissed with prejudice.

## No Sanctions Are Imposed Under § 1927.

Federal courts are empowered by statute to impose sanctions against an attorney where the attorney "multiplies the proceedings in any case unreasonably and vexatiously."[120] Such sanctions may include personally satisfying "the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[121] The Tenth Circuit has recognized that the power to assess costs against an attorney under § 1927 is a power that must be strictly construed and utilized only in instances evidencing an "intentional or reckless disregard of the attorney's duties to the court."[122] The district courts have discretion whether to impose sanctions under §1927.[123]

In this case, no § 1927 sanctions will be imposed. The Defendants state three reasons for seeking sanctions against Mr. Swallow's counsel: (1) reporting to the court that ongoing settlement discussions had delayed service of process even though counsel was not in contact

---

[118] 479 F. App'x at 831.

[119] Docket no. 2.

[120] 28 U.S.C. § 1927.

[121] *Id.*

[122] *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987).

[123] *Griffen v. City of Oklahoma City*, 3 F.3d 336, 342 (10th Cir. 1993) ("While Rule 11 requires the district court to impose sanctions if a document is signed in violation of the Rule, § 1927 merely permits the district court to impose sanctions against an attorney who multiplies a proceeding.")

with the Defendants or their counsel; (2) suing Prosecutor Montgomery for the second time in two years knowing prosecutorial immunity applies; and (3) filing an amended complaint with no changes from the initial Complaint and without consent of the Defendants or leave of court.[124] Mr. Swallow's counsel's efforts to salvage the Complaint after the 120-day time limit for service of process had run were questionable at best, but they do not rise to the level of intentional or reckless disregard of a lawyer's duties to warrant the imposition of monetary sanctions.[125] Though Mr. Swallow's claims against Prosecutor Montgomery are dismissed in part due to prosecutorial immunity, Mr. Swallow had a good faith argument against immunity in this case,[126] even though the argument was rejected. Dismissal of Mr. Swallow's claims with prejudice is an appropriate and sufficient outcome on these issues. Mr. Swallow's counsel is now on notice of the rules of law which apply and is strongly cautioned that they will be judged by a higher standard in the future.

Similarly, Mr. Swallow's request that sanctions should be imposed against Defendants' counsel for using § 1927 in a way that allegedly "intimidate[s] would-be plaintiffs from attempting to prosecute § 1983 claims for violation of their constitutional rights, and deter[s] attorneys from agreeing to represent such plaintiffs,"[127] is rejected. The litigation strategy and arguments presented by Defendants through their counsel do not rise to the level of intentional or reckless disregard of a lawyer's duties to warrant the imposition of monetary sanctions.[128] Therefore, no sanctions will be awarded.

---

[124] Motion to Dismiss at 15–17, docket no. 24.

[125] *Braley*, 832 F.2d at 1512.

[126] Opposition at 12–14, docket no. 36.

[127] Opposition at 18, docket no. 36.

[128] *Braley*, 832 F.2d at 1512.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[129] is GRANTED.

IT IS FURTHER ORDERED that all claims against the Defendants in this action are DISMISSED with prejudice.

The Clerk is directed to close the case.

Dated June 20, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[129] Defendants' Motion to Dismiss and Memorandum in Support, docket no. 24, filed Sept. 8, 2015.